UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ENAMIDEM CELESTINE OKON,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, Stearns County District Attorney JANELLE KENDALL, Stearns County Prosecutor JOSH, and Stearns County District Court Judge KRIS DAVICK-HALFEN,<br><br>      Defendants. | Civil No. 13-1998 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He did not pay any filing fee for this action, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated August 1, 2013, (Docket No. 3), Plaintiff was informed that his IFP application would not be addressed, and his case would not go forward, until after he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

      Plaintiff recently paid his initial partial filing fee, (Docket No. 4), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

      Plaintiff is a Minnesota state prison inmate. His complaint indicates that he was

convicted of some undisclosed crime following a trial that ended on May 23, 2013. The trial evidently occurred in the state district court for Stearns County, Minnesota. The complaint indicates that Plaintiff was sentenced on July 25, 2013, but the length of his sentence is not undisclosed.[1]

Plaintiff is presently attempting to sue four defendants – (1) Janelle Kendall, the Stearns County District Attorney; (2) a Stearns County prosecutor identified as "Josh;" (3) Kris Davick-Halfen, a Stearns County Judge, and (4) the State of Minnesota. Plaintiff claims that Defendants violated his federal constitutional rights under the Eighth and Fourteenth Amendments, because they caused his bail to be revoked, and they caused him to be taken into custody, immediately after the end of his trial – even though he was not sentenced until more than two months later. According to Plaintiff, even after he was convicted, he had a constitutional right to remain free on bail until he was sentenced on July 25, 2013.[2] (Complaint, [Docket No. 1], Addendum, § IV(C).)

Plaintiff claims that he suffered significant hardships as result of his allegedly premature incarceration, including separation from his three-year-old daughter and his widowed mother, and the loss of pre-paid tuition for summer MBA classes at "St. Mary's University of Minnesota." (Id., § V, "Request for Relief (con'd).") Plaintiff is seeking a judgment in the amount of $5,000,000, to compensate him for injuries allegedly caused by the revocation of his bail, and "for pain and suffering as well." (Id.)

---

[1] A website maintained by the Minnesota Department of Corrections, (www.doc.state.mn.us), shows that Plaintiff was convicted of first degree criminal sexual conduct, and he is expected to remain in prison until December 26, 2022.

[2] Plaintiff has not offered any legal authority to support this proposition.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue various state governmental employees, in addition to the State of Minnesota, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which, if any, aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

Here, the Court finds that all of the named Defendants are legally immune from the claims that Plaintiff is attempting to bring against them in this action.

### A. Defendant Davick-Halfen

The Court initially finds that Plaintiff's claims against Defendant Kris Davick-Halfen are barred by the doctrine of judicial immunity. It is well-settled that judges are completely immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in his or her judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles,

3

502 U.S. at 11-12.

In this case, it is readily apparent that Plaintiff's claims as alleged against Defendant Davick-Halfen are based on acts or omissions that occurred while she was acting as a state court judge. Plaintiff alleges that Judge Davick-Halfen illegally revoked his bail, and caused him to be taken into custody immediately after he was convicted. That action obviously was taken while Judge Davick-Halfen was serving in her judicial capacity. Furthermore, there are no allegations suggesting that Judge Davick-Halfen acted "in the complete absence of jurisdiction." To the contrary, it clearly appears that the events giving rise to Plaintiff's claims against Judge Davick-Halfen occurred during the course of a state court criminal case that was within her jurisdictional authority as a state court judge.

Plaintiff obviously believes that Judge Davick-Halfen misapplied the law, deprived him of his legal rights, and committed other errors. However, all of Judge Davick-Halfen's alleged misdeeds occurred while she was serving as a judge in a matter that was properly before her. Therefore, Plaintiff's current claims against Judge Davick-Halfen are barred by judicial immunity.

B. Prosecutor Defendants

Two of the named Defendants, Janelle Kendall and "Josh," are county prosecutors who are being sued for acts they allegedly performed while prosecuting state criminal charges against Plaintiff.[3] However, prosecutors are immune from such claims under the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976);

---

[3] Plaintiff's complaint does not clearly explain what these two defendants actually did (or failed to do) that has caused them to be sued, but it can reasonably be inferred that they asked Judge Davick-Halfen to revoke Plaintiff's bail and order that he be taken into custody after the jury found him guilty.

4

Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993). Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. "Immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.), cert. denied, 519 U.S. 867 (1996).

Defendants Kendall and "Josh" are immune from Plaintiff's current claims against them, because Plaintiff is attempting to sue them for acts they allegedly performed while prosecuting the State's criminal case against him. As a basis for his claims, Plaintiff's complaint does not describe any specific act or omission by either Defendant Kendall or "Josh" that occurred while they were not performing their duties as county prosecutors in the State of Minnesota. Therefore, Plaintiff's claims against those two Defendants are barred by the doctrine of prosecutorial immunity.

C. State of Minnesota

Finally, the Court finds that the State of Minnesota is fully immune from Plaintiff's current claims for relief. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Plaintiff has not

identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there are no factual allegations showing that the State of Minnesota has waived its immunity and consented to be sued in this case. Thus, the Court finds that the State of Minnesota is constitutionally immune from Plaintiff's present lawsuit.

## III. CONCLUSION

For the reasons discussed above, the Court finds that all of the named Defendants are legally immune from all of the claims that Plaintiff is attempting to bring against them in this action. The Court will therefore recommend that this action be dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Notwithstanding the recommended dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 statutory filing fee.[4] To date, he has paid $11.95, so he still owes $338.05. Prisoner officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Because Plaintiff has failed to state a cause of action on which relief can be granted, the Court will further recommend that the dismissal of this action be counted as a "strike"

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $338.05, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated: September 19 , 2013

                                                s/Leo I. Brisbois
                                                LEO I. BRISBOIS
                                                United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 3, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.